THE TAXING DISTRICT OF SHELBY COUNTY *v.* BILLY EMERSON.

1. PRIVILEGE TAX. *Theater.* A license "upon the privilege of keeping a theater, opera house, or concert hall, where theatrical entertainments are given," includes entertainments given by companies hired by the proprietors or lessees, and such companies are not liable to an additional tax.

2. SAME. *Same.* "Theatrical entertainments" are not confined to the pure drama, but may include negro minstrel performances.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. J. O. PIERCE, J.

C. W. HEISKELL for Taxing District.

L. & E. LEHMAN for Emerson.

FREEMAN, J. delivered the opinion of the Court.

This is a case commenced by warrant, carried to the Circuit Court, seeking to charge the defendant with violation of revenue regulations in the Taxing District, by giving entertainments or concerts, the troupe being known as "Emerson's Minstrels," and under the management of defendant.

It is admitted the entertainment was given, and the company had no license, but it is also agreed that the troupe was hired by Davey & Brooks, to give performances in their theater, which said Davey & Brooks were then running as proprietors and lessees.

It is also admitted that Davey & Brooks were regularly licensed, and had paid for the same, under the 52nd sub-section of the Act of 1879. This section provides for a license "upon the privilege of keeping a theater, opera house, or concert hall, where theatrical entertainments are given, on payment of one hundred dollars, payable quarterly in advance."

The only question, it seems to us, in this case is, whether the license of Davey & Brooks to keep a theater, opera house, or concert hall, where theatrical entertainments are given, covered also, and included necessarily, the act of the parties employed by them to give such entertainments.

This is the real question, for it is agreed that the defendant or his troupe were employed by Davey & Brooks to give the entertainments for three nights, on terms agreed on between the parties.

On principle, it would seem that in the nature of such things, it was not understood that the managers of a theater were themselves to be the performers. On the contrary, it is necessarily the case that their business must be carried on in part, if not mostly by others. If so, the license to keep such an establishment necessarily involves the use of the usual means and agencies by which the business is conducted. As in the case of *Bell* v. *Watson*, 3 Lea, 328, we held that a license to carry on a livery stable included the use of hacks, horses and carriages, as necessary parts of the business.

So, in this case, the use or services of performers is essentially necessary to theatrical entertainments, without which the business could not be carried on. A licensed theater, concert hall, or opera house, would be an idle institution unless performances could be had in them, and these require trained performers, who must either be the licensees themselves or others employed by them.

As to whether the theatrical business includes minstrel performances, or only the *pure* drama, we could not say as a matter of law, probably, but the proof of parties perfectly familiar with the business shows that such is the case. They cer-.

Taxing District *v.* Emerson.

tainly are included in the usual performances of the season in such establishments. That there might be a theater where nothing but the pure drama was exhibited, no more affects the result than the fact that there might be a livery stable where only horses were kept for hire, and no hacks or other vehicles. This would be rather a badly furnished establishment for the livery business. But from the testimony in this case, it would seem that a theatrical establishment in Memphis, or any other city of its size, that confined itself to the legitimate drama, would be as badly furnished to meet the popular taste as would the stable with no carriages.

We think the license includes and protects the employees of the managers, who furnish the entertainments, and the minstrel troupe is but an essential agency in carrying on the business licensed.

Let it be so adjudged.